No. 399.

## W. G. KENNEDY v. C. H. MORRISON et al.

This is an action to set aside the pretended transfer of a suit on the ground that it was the sale of a litigious right in contravention of article 2447 of the Revised Code.

It is the actual intention of the parties, and not the form of the instrument, that determines the character of the contract.

Article 2447, Revised Code, did not preclude Morrison. one of the defendants in this case, from making a contract with Kennedy, the plaintiff, for the compromise and settlement of the suit which the latter was prosecuting against him. Farmer, attorney at law, also one of the defendants in the present case, was merely a party interposed, and acquired no rights whatever under the settlement. Morrison gave the consideration under the settlement, and Kennedy transferred the suit for the purpose of having it dismissed.

But even if Farmer had paid the price, or given the consideration, it would not have been the sale of a litigious right in the sense of article 2447, because the purchase was made, not to carry on the litigation, but to end it.

Assuming that the sale or transfer of the suit was actually made to Farmer, there is an insurmountable obstacle in plaintiff's way. He has not returned, nor offered to return, the consideration which he received. He can not keep the fruits of the transfer, even though it be the sale of a litigious right, and ask to be restored to the ownership of the thing which he transferred.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *J. T. Strother*, presiding in the place of Judge *Ray*, recused. *R. G. Cobb*, for plaintiff and appellant. *Morrison & Farmer*, *in proprie personæ*.

WYLY, J. In December, 1867, the plaintiff, who had a suit pending in the District Court of the parish of Ouachita for $5829 87 against C. H. Morrison, signed an act transferring it to the defendant, W. W. Farmer. He now sues to set aside this transfer on the ground that it was the sale of a litigious right, in contravention of article 2447 of the Revised Code, the purchaser, W. W. Farmer, being then an attorney at law practicing in the court where the suit was pending. He also sues to set aside the order dismissing said suit which was granted after the said transfer to Farmer; and also to have the case reinstated on the docket and consolidated with this suit, and he prays judgment against Morrison for $5829 87, the amount of said suit. The court rejected the demand of the plaintiff, and he has appealed.

C. H. Morrison testifies that: '' During the summer and fall of 1867, while the suit of Kennedy against him was pending, and after Grayson had gone into bankruptcy, probably after the property had been advertised, but prior to the sale of the Grayson place by the assignee, Kennedy, W. J. Q. Baker came to me and said that Kennedy said if I would give Kennedy ten mules, and bid in the Grayson place on my oldest mortgage, and pay what money was necessary to pay the remaining costs and some privileged claims, it should be in settlement or compromise of the suit No. 349 (Kennedy v. Morrison). I said to Baker that I would give four mules, on the Filhiol place, and that Kennedy might take his choice out of the lot. Mr. Baker returned to

me after that, and stated that Kennedy was willing to do as I had proposed. Either at that time, or soon afterwards, Mr. Baker, as I understood, representing Kennedy, asked me about the incumbrances, and I admitted there were some judicial mortgages recorded against me. He then suggested if I could not get Farmer to bid it in (the Grayson place) in his name, as Kennedy did not want it to pass through my hands, I being incumbered with those mortgages; to this I consented, provided Farmer was willing. Farmer did consent and carried out the agreement made by myself and Baker, representing Kennedy. I gave the order for the mules; I gave a receipt for the amount of my judicial mortgage against Grayson ($787 41), and a receipt for Byrne, Vance & Co. for their distributive share on their second oldest mortgage (for $116 81), * * * I paid the balance of Farmer's bid in money necessary to pay the remaining costs and privileged debts, according to the agreement. For these receipts, the four mules and the money, I received no other consideration whatever from Kennedy, or any one else, except the compromise and settlement of suit No. 349 (Kennedy vs. Morrison.) Kennedy did not pay me the amount of those two receipts; on the contrary, I paid Kennedy in money the amount of Farmer's bid, less those two receipts. Farmer never made any claim on me, or never asserted any right to the suit No. 349; on the contrary, it was well understood that in acquiring the suit he acted solely in my interest. His reasons for acting at all, were to pass the land through him to Kennedy, and thus to avoid the incumbrances or mortgages against me."

The testimony of this witnesses is corroborated by the evidence of other witnesses, and the truth thereof is not disputed by the plaintiff.

Farmer testifies that at the first term of the court after the transfer of the suit in question, it was dismissed in open court by Kennedy's attorney, and that he (Farmer) was present and consented. He also testifies that the suit was not purchased to carry on a litigation against Morrison, but to compromise and to put an end to it. He also swears that the purchase of said suit was not for himself, nor for his use or benefit; that the sole purpose was to assist and benefit Morrison; that he never thought of claiming the suit, or using it or prosecuting it; that he never received or expected to demand any consideration from Morrison for the discontinuance of the suit; that he never received nor paid one cent during the entire business; that he became a party to the transfer of the suit at the request of Kennedy; that it was well understood at the time it was made that it was for Morrison's benefit, " and that it was in full compromise and full settlement of the suit against Morrison." He also testifies that when he bid in the Grayson place at the bankrupt sale he paid no part of the price bid; was never called on by Kennedy to pay it; on the contrary, that Kennedy told

him that it was settled between him and Morrison, as he well knew before he was told.

It appears, therefore, from the testimony of these witnesses and others in the record, that Farmer was merely an interposed party; that although he appeared in the instrument as the transferree of the suit, in fact he never became the owner thereof. The real contract was a compromise between Kennedy and Morrison, and the real intention of the parties was, not to transfer a litigious right, not to foment, but to terminate the litigation. Kennedy had sued Morrison for $5829 87, and he desired to compromise with him, as he had been advised by his counsel. Kennedy was the assignee of Grayson, a bankrupt, and had advertised his land, known as the Grayson place, for sale. He came to an agreement with Morrison to take, in compromise for his suit against him, the Grayson place and four mules. Morrison was to become the purchaser of said place at the bankrupt sale, and to receipt to him (Kennedy) for the first judicial mortgage which he held, also for the second mortgage of Byrne, Vance & Co.; and besides, to pay over sufficient cash to pay the costs and certain privileged debts.

It appeared afterwards, that Morrison could not well become the adjudicatee of the Grayson place, because there were judgments recorded against him, and the property would become incumbered in passing through his hands. It was then suggested, for Kennedy's protection, that the adjudication should be made to Farmer, and that the whole transaction or business be settled in his name. Farmer, therefore, bought in the land, transferred it to Kennedy, and received in return the transfer of the suit of Kennedy against Morrison, which was dismissed, as before said, at the first term of the court thereafter.

This was all done pursuant to the understanding between Kennedy and Morrison for the compromise and settlement of the litigation, which Kennedy now proposes to revive.

In this case, there was no sale of a litigious right in the meaning of article 2447 of the Revised Code. The object of the parties to this agreement was the reverse of that contemplated by that article. So far from it being the object or intention of the parties to foment litigation, their sole purpose was to compromise and settle the litigation between Kennedy and Morrison. There was but one object in view, from first to last, and that was a compromise. It is the actual intention of the parties, and not the form of the instrument, that determines the character of the contract.

Article 2447, Revised Code, did not preclude Morrison from making the contract with Kennedy for the compromise and settlement of the suit which the latter was prosecuting against him. Farmer was merely a party interposed, and acquired no rights, whatever, under the settle-

ment.    Morrison gave the consideration and Kennedy transferred the suit for the purpose of having it dismissed.

But even if Farmer had paid the price, or had given the consideration, and become the owner of the suit, it was not the sale of a litigious right in the sense of article 2447, because the purchase was made, not to carry on the litigation, but for the purpose of dismissing the suit and ending it.

There is another insurmountable difficulty in the way of the plaintiff in this case, assuming that the sale or transfer of the suit was actually made to Farmer.    It is this: the plaintiff has not returned, nor offered to return, the consideration which he received.    He can not keep the fruits of the transfer, even though it be the sale of a litigious right, and ask to be restored to the ownership of the thing which he transferred.

On the whole, the demand of the plaintiff seems to be utterly without merit, either in law or equity.

Judgment affirmed.